GROENING v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   May 19, 1904.)

1. STREET RAILWAYS—CROSSING—COLLISION WITH VEHICLE.
    Where the driver of a vehicle driven in a trot, on arriving at the house line of an intersecting street, saw a car rapidly approaching on the further track of said street, but continued to cross, he was guilty of contributory negligence, and could not recover for injuries from the collision.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Carl Groening against the Interurban Street Railway Company.   From a judgment for plaintiff, defendant appeals.   Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
John Thomas Smith, for respondent.

SCOTT, J.   If plaintiff's right to recover depended solely upon his ability to prove negligence on the part of defendant's servant, this judgment might well be sustained.   In order to entitle himself to a verdict, however, it was incumbent upon the plaintiff to show not only that defendant had been negligent, but that he himself had been been free from negligence contributing to the accident.   In this particular he signally failed.   Plaintiff was driving easterly on the south side of 105th street.   When he reached the house line at the westerly side of 3d avenue, he saw one of defendant's cars coming north on the easterly track. At this moment plaintiff's horse was about 25 or 30 feet from the point where the collision afterwards occurred, and the car was somewhere between 75 and 100 feet from the same point.   Plaintiff's horse was trotting, and the car was coming, as plaintiff says, very fast.   Plaintiff continued across the avenue at the same gait, and when his horse reached the north-bound track the car was about 30 feet, or approximately a car's length, from him.   The car struck the rear wheel of plaintiff's wagon.   It affirmatively appears from plaintiff's own testimony that he made no attempt to stop before reaching the track, and did not hasten to cross it.   Whether or not the motorman made any effort to slacken the speed of his car is disputed.   It is perfectly apparent that the accident resulted from a miscalculation on plaintiff's part, as well as on the part of the motorman.   Plaintiff saw the car coming, could estimate its speed as well as his own, and deliberately took the chance of crossing ahead of it.   If the motorman was negligent, the plaintiff was clearly equally so.

Judgment reversed and new trial granted, with costs to appellant to abide the event.   All concur.

¶ 1. See Street Railroads, vol. 44, Cent. Dig. § 214.